UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | Case: 2:23-cr-20483<br>Assigned To : Leitman, Matthew F.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 8/17/2023<br>Description: INDI USA V. HORNE (NA) |
| Plaintiff, | |
| v. | Violation:<br>18 U.S.C. § 1343 |
| Pacino Horne, | |
| Defendant. | |

_____/

# INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

2. The Economic Injury Disaster Loan ("EIDL") program was a United States Small Business Association ("SBA") program that provided low-interest financing to small businesses in regions affected by declared disasters.

3. The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

4. To obtain an EIDL, a qualifying business was required to submit an application to the SBA and provide information about the business's operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-month period was that preceding January 31, 2020. The applicant had to also certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

5. EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. The amount of the loan, if the application is approved, was determined based, in part, on the information provided in the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL or advance were issued directly by the SBA. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

6. Defendant PACINO HORNE was the owner, member, registered agent, banking signatory, and/or otherwise affiliated with Day1 Records LLC. ("Day1 Records").

## COUNT 1
*18 U.S.C. § 1343 – Wire Fraud*

7. Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

8. In February 2021, in the Eastern District of Michigan and elsewhere, defendant PACINO HORNE, with the intent to defraud, knowingly devised and executed a scheme to defraud in order to obtain money, by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and knowingly transmitted and caused to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

9. The purpose of the scheme to defraud was for PACINO HORNE to enrich himself by, among other things, (a) submitting and causing the submission of a fraudulent EIDL loan application on behalf of his business, and (b) using those fraud proceeds for his own personal gain.

10. It was part of the scheme to defraud that on or about February 4, 2021, PACINO HORNE submitted and caused to be submitted a false and fraudulent EIDL loan application to the SBA seeking EIDL funds on behalf of his business, Day1 Records.

11. In his application for the EIDL loan, PACINO HORNE falsely represented the gross revenue, cost of goods sold, amount of rent lost by, and the number of employees working for Day1 Records.

12. The false and fraudulent gross revenue, cost of goods sold, rent lost, and employee information in the EIDL application was material insofar as it induced a financial institution and the SBA to disburse funds to Day1 Records that the business was not eligible to receive.

13. The false and fraudulent EIDL loan application was submitted through wire communications used in interstate commerce.

14. The SBA approved the loan application, and on or about February 20, 2021, the SBA disbursed $149,900 of EIDL funds to the bank account for Day1 Records, which PACINO HORNE controlled. This electronic transfer involved the transmission of wire communications used in interstate commerce.

15. That same day, PACINO HORNE withdrew a portion of the funds, via cashier's checks, which he used to purchase a restaurant, in violation of the terms of the loan.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS
*18 U.S.C. § 982(a)(2)(a), 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461*

16. The above allegations contained in this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461.

17. As a result of violating 18 U.S.C. § 1343, as set forth in this Indictment, PACINO HORNE shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as the result of his violations of 18 U.S.C. § 1343.

18. <u>Substitute Assets</u>: If all or any of the forfeited sums:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of PACINO HORNE up to the value of the forfeitable property described above.

19. <u>Money Judgment</u>. A sum of money equal to an amount as is proved at trial in this matter, representing the total amount of gross proceeds obtained as a result defendant's violations, as alleged in this Indictment.

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON


DAWN N. ISON
United States Attorney

*s/Craig Wininger*
CRAIG WININGER
Chief, Violent and Organized Crime Unit

*s/Ranya Elzein*
RANYA ELZEIN
MARK BILKOVIC
Assistant United States Attorneys


Dated: August 17, 2023

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover | Case: 2:23-cr-20483<br>Assigned To : Leitman, Matthew F.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 8/17/2023<br>Description: INDI USA V. HORNE (NA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based on LCrR 57.10(b)(4)[1]: | |
| ☐Yes ☒No | AUSA's Initials: _(signature)_ |

**Case Title:** USA v. Pacino Horne

**County where offense occurred:** Oakland

**Offense Type:** Felony

Indictment – no prior complaint.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

**Reason:**

**Defendant Name**       **Charges**       **Prior Complaint (if applicable)**

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

August 17, 2023
Date

_(signature)_
Ranya Elzein
Mark Bilkovic
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Ranya.Elzein@usdoj.gov
(313) 226-0213
Bar #: OH 0090887

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence.  Cases may be companion cases even though one of them may have already been terminated.