UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-20483 |
| Plaintiff, | Judge Matthew F. Leitman |
| v. | |
| Pacino Horne, | |
| Defendant. | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Pacino Horne took advantage of a loan program meant to assist small business owners who faced legitimate financial hardship due to the COVID-19 pandemic. He fraudulently obtained a loan for his purported business and then used the funds for his own personal gain. For the following reasons, the Court should impose a sentence within the Guidelines range.

### I. FACTUAL BACKGROUND

**A. Horne's Loan Fraud**

Horne pleaded guilty to one count of Wire Fraud based on fraudulently obtaining an economic injury disaster loan ("EIDL") in the amount of $149,900. (PSR ¶¶ 3, 7-10). The Small Business Association's EIDL program provided low-

1

interest financing to small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. (*Id.*, ¶ 7). Horne took advantage of this program and fraudulently obtained a loan in connection with his purported record company, knowing that his business was not entitled to the loan. (*Id.*, ¶ 8). The same day that the loan funds were distributed, he used the money to purchase a Philly Cheesesteak restaurant. (*Id.*).

### B. Horne's Drug Trafficking

Beginning in the fall of 2019, law enforcement officers began investigating a drug trafficking organization that Horne was a part of. (*Id.*, ¶ 29).

In January 2022, federal agents executed a search warrant at a house in Novi that they suspected Horne used to facilitate his drug activity. (*Id*). During the search, agents found an AK-47 style pistol registered to Horne, two pounds of marijuana in heat sealed bags, a digital scale, a digital money counter, and other drug paraphernalia. (*Id*). Within a day of the search warrant execution, Horne came to the house and took two motorcycles from the garage. (*Id*).

In June 2022, multiple agencies executed search warrants at several residences that Horne owned or operated. (*Id.*, ¶ 30). The searches resulted in the seizure of numerous pieces of jewelry valued at about $200,000, about $71,000 in cash, firearms and ammunition, two bags of pills consisting of oxycodone and methamphetamine, and drug trafficking paraphernalia. (*Id*). Agents found weapons

2

registered to Horne in four of the five residences, and they recovered $4,260 in cash from Horne's person during one of the searches. (*Id*).

A civil complaint seeking to forfeit many of these items is pending in the Eastern District of Michigan. (*Id*., ¶¶ 18, 32). Horne filed a claim for his property, but the investigation did not reveal any legitimate source of income for Horne that substantiated his assets and expenditures. (*Id*., ¶ 31). For example, three bank accounts associated with Horne revealed primary cash deposits totaling over $938,000 from December 2016 through April 2022. (*Id*). MGM Casino records from September 2020 to May 2022 revealed Horne had a net buy-in of cash and casino chips in the amount of $2,773,855. (*Id*). In the same time frame, Horne only had winnings of $9,280 and losses of $320,020. (*Id*). The buy-in amount of $2,773,855 at MGM Casino contradicts listed income filed with his income taxes as well as the value of deposits into his accounts. (*Id*).

Several of Horne's social media posts from December 2019 to January 2022 depict him with firearms, large amounts of currency, jewelry, and distribution amounts of suspected marijuana. (*Id*., ¶ 30). For example, in April and October

2021, he posted videos on Instagram depicting distribution amounts of marijuana:

 

## II.   SENTENCING GUIDELINES RANGE

The United States Probation Office calculated a Total Offense Level of 11 with a Criminal History Category of I. (PSR ¶¶ 24, 27). The Probation Department calculated a guideline imprisonment range of 8 to 14 months. (PSR ¶ 59). The government concurs with the Probation Department's calculations.

## III.   APPLICATION OF 18 U.S.C. § 3553(a)

The Section 3353(a) factors warrant a sentence within the Guideline range. The nature of Horne's offense is serious. Horne exploited a program designed to assist people whose businesses suffered for reasons beyond their control. He exploited the urgency that the Small Business Association was under to provide

prompt financial assistance to these business owners whose livelihoods were legitimately affected by the Covid-19 pandemic, unlike Horne. The $149,900 loss amount should therefore not be taken lightly. Indeed, that loss amount does not capture the full impact of Horne's conduct. Applications like Horne's required the Small Business Association to expend time and resources reviewing and processing applications, which diverted resources away from processing legitimate applications. Thus, in a time of national crisis, Horne's selfish actions harmed not only the Small Business Association, but also those individuals who legitimately sought timely financial assistance.

Horne's history and characteristics further support a Guideline sentence. Although he has no criminal convictions, criminal activity is Horne's livelihood. Horne makes his money through drug trafficking. Horne will undoubtedly point to his legitimate employment to argue otherwise. But the drugs and drug paraphernalia at residences associated with him, and his lack of legitimate income to substantiate his expenses, tell a different story. For example, the PSR indicates that Horne earns between $50,000 and $80,000 annually as a cocktail bar owner, and $500 to $1,000 for records produced at his record company. (PSR ¶¶ 55-56). This income does not substantiate his three bank accounts with cash deposits totaling over $938,000 from December 2016 through April 2022, or his net buy-in of cash and casino chips in more than $2.5 million between 2020 and 2022.

5

Whether it be through drug trafficking or through fraudulently obtaining a loan, Horne has demonstrated a complete lack of respect for the law. A Guidelines sentence is necessary to promote such respect, to reflect the seriousness of Horne's offense, and to protect the public from Horne's further criminal activity.

## IV. CONCLUSION

For the foregoing reasons, the Government respectfully recommends that the Court sentence Horne within the Guideline range.

Respectfully submitted,

JULIE A. BECK
Acting United States Attorney


*s/ Ranya Elzein*
Ranya Elzein
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Ranya.Elzein@usdoj.gov
(313) 226-0213


Date: February 25, 2025